# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANDREW L. CHICARELLI,**

      **Petitioner,**

**v.**                                                        **Civil Action No. 1:13cv103**
                                                                        **(Judge Keeley)**

**GEORGE TRENT,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

This case was initiated on March 1, 2013, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On, March 4, 2013, the petitioner was granted leave to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P § 2.

### I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

The petitioner was convicted in the Circuit Court of Marion County, West Virginia of three counts of sexual abuse in the second degree.[1] The criminal action number assigned to the case in Marion County is 09-F-219. The petitioner maintains that he was sentenced on December 19, 2012,

---

[1] The petitioner indicates that he was convicted and sentenced on four counts of First Degree Sexual Assault and three counts of Second Degree Sexual Assault. However, he WVDOC website indicates that the petitioner was sentenced only for three counts of Sexual Assault in the Second Degree. See www.wvdoc.com

to "10-25 years, suspended for 6 months to 2 years." (Doc. 1, p. 1).[2]

**B.    Petitioner's Direct Appeal**

The petitioner has not yet appealed his conviction.

**C.    Petitioner's State Habeas Petition**

The petitioner has not yet filed a state habeas petition.

**D.    Petitioner's Federal Habeas Petition**

On March 1, 2013, the petitioner filed the instant federal habeas petition. In the petition, the petitioner asserts the following grounds for relief:

1, The Circuit Judge presiding over his case had a conflict of interest.

2. The prosecuting attorney withheld favorable evidence.

3. Ineffective assistance of counsel.

For relief, the petitioner seeks to have his state charges dismissed with prejudice and to be "let go."

## II.    Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires

---

[2]The WVDOC website indicates that the sentencing order was entered on February 1, 2013.See www.wvdoc.com

that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[3] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254©.

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims

---

[3] Picard v. Connor, 404 U.S. 270 (1971).

3

for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

Here, the petitioner has not yet filed a direct appeal of his state court conviction and sentence, nor has filed a post-conviction state habeas proceeding.[4] Therefore, the undersigned finds that the petitioner's claims are not exhausted as he still has remedies available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time, and the petition should be dismissed.

### III. Recommendation

For the reasons set forth in this opinion, it is recommended that the petitioner's § 2254 petition be **DISMISSED without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas

---

[4] The petitioner did file a petition for writ of habeas corpus ad subjiciencum with the West Virginia Supreme Court of Appeals on April 30, 2012. Upon consideration of the petition, and the response by the State of West Virginia, the WVSCA remanded the matter to the Circuit Court of Marion County on August 30, 2012, "for consideration of the petitioner's guilty plea and sentencing of the petitioner." (Doc. 1, p.4). Accordingly, it is clear that said petition did not serve to exhaust his state remedies.

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 3-4-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE